Filed 7/24/15  P. v. Hamilton CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062811 |
| v. | (Super.Ct.No. SWF10002383) |
| MICHAEL ANTHONY HAMILTON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Sylvia W. Beckham, under appointment by the Court of Appeal; Michael Anthony

Hamilton, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Michael Anthony Hamilton appeals from an order

denying his petition to reduce his current conviction for unlawful possession of a deadly

1

weapon on a college campus (Pen. Code,[1] § 626.10, subd. (b)) under section 1170.18. We find no error and will affirm the order.

I

FACTUAL AND PROCEDURAL BACKGROUND

On December 6, 2010, a felony complaint was filed charging defendant with unlawful possession of a deadly weapon (a dirk, dagger, ice pick, razor with an unguarded blade, or a knife with a blade longer than two and a half inches) upon a college campus (Pen. Code, § 626.10, subd. (b); count 1), and unlawful possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 2).

The complaint further alleged that defendant had suffered one prior strike conviction, to wit, making criminal threats (§§ 422, 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)), and had served seven prior prison terms (§ 667.5, subd. (b)). The alleged seven prior prison terms were for the following felony convictions: (1) a 2002 conviction for possession of an illegal weapon (Pen. Code, § 12020, subd. (a)(1)) (prior offense 1); a 1999 conviction for possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) (prior offense 2); (3) a 1997 conviction for making criminal threats (Pen. Code, § 422) (prior offense 3); (4) a 1996 conviction for assault with a deadly weapon (§ 245, subd. (a)(1)) (prior offense 4); (5) a 1993 conviction for possession of an illegal weapon (Pen. Code, § 12020, subd. (a)(1)) (prior offense 5); (6) a 1992 conviction for unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a)) (prior offense 6); and

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

(7) a 1988 for unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a)) (prior offense 7).

On December 10, 2010, pursuant to a negotiated plea agreement, defendant pled guilty to section 626.10, subdivision (b) (count 1). He also admitted that he had suffered one prior strike conviction and had served four prior prison terms. In return, the remaining charges and allegations were dismissed, and defendant was sentenced as follows: two years eight months for the substantive offense (count 1); four one-year consecutive terms for the prior prison term enhancements; for a total term of six years eight months in state prison, with credit for time served.

On November 4, 2014, voters enacted Proposition 47, entitled the Safe Neighborhoods and Schools Act, which went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) As of its effective date, Proposition 47 classified as misdemeanors certain drug- and theft-related offenses that previously were felonies or "wobblers," unless they were committed by certain ineligible defendants. (§ 1170.18, subd. (a).)

On November 10, 2014, defendant, in propria persona, filed a letter in the trial court requesting the court reduce his current conviction to a misdemeanor and resentence him pursuant to Proposition 47 or section 1170.18.

On January 6, 2015, the trial court denied defendant's purported petition, finding that his current offense for unlawful possession of a deadly weapon on a college campus (§ 626.10, subd. (b)), was not a qualifying felony.

On January 28, 2015, defendant filed a timely notice of appeal from the order denying his purported petition to reduce his current conviction to a misdemeanor.

3

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. In his two-page supplemental letter, defendant acknowledges that his current offense for unlawful possession of a deadly weapon on a college campus does not meet the criteria for Proposition 47 relief. He, however, asserts that the trial court should have reduced his prior prison offense (possession of a controlled substance; Health & Saf. Code, § 11377, subd. (a)) to a misdemeanor, as that offense meets the criteria under Proposition 47. He also argues that the prior offense enhancement should therefore be removed from his current case and his sentence reduced to five years eight months.

As noted *ante*, Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors). "Proposition 47 (1) added chapter 33 to the Government Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and

4

666 and Health and Safety Code sections 11350, 11357, and 11377." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)

However, the enumerated felonies may not be reduced to misdemeanors when the accused has sustained a specified prior violent or serious felony conviction. These prior violent or serious felony convictions are set forth in section 667, subdivision (e)(2)(C)(iv). (§ 1170.18, subd. (i).)

Proposition 47 also created a new resentencing provision, section 1170.18, under which certain individuals may petition the superior court for a recall of sentence and request resentencing. (§ 1170.18, subd. (a).) Under section 1170.18, a person "currently serving" a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).) A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be "resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

Section 1170.18 also provides that if a defendant has completed his or her sentence for an eligible conviction, an *application* must be filed to secure the reduction to a misdemeanor. Section 1170.18, subdivisions (f) through (g), specifies that a defendant must file an application, and it describes a procedure for the trial court to make its ruling.

Section 1170.18, subdivision (f), states: "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an *application before the trial court that entered the judgment of conviction* in his or her case to have the felony conviction or convictions designated as misdemeanors." (Italics added.)

Upon the filing of the application by an eligible defendant, the trial court is required to reduce the felony offense or offenses to a misdemeanor. Section 1170.18, subdivision (g), states: "If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor." Unless the defendant requests otherwise, no hearing is necessary in order to rule upon the application filed under section 1170.18, subdivision (f). (§ 1170.18, subd. (h).)

Defendant here falls under section 1170.18, subdivisions (f) through (h), in regard to his prior drug possession conviction. If defendant filed an application today before the trial court that entered his drug possession conviction, the trial court would be duty bound to grant it. However, neither the trial court nor this court has the authority to sua sponte grant defendant relief to reduce his drug possession conviction to a misdemeanor.

First, defendant never filed an application to reduce his drug possession conviction before the trial court that entered his drug possession conviction. Second, as the Court of Appeal in *People v. Shabazz* (2015) 237 Cal.App.4th 303, at page 313, recently held: "The plain meaning of the language in section 1170.18 is this—the voters never intended that Proposition 47 would automatically apply to allow us to reduce defendant's . . .

6

felonies to . . . misdemeanor[s]. Rather, the voters set forth specific procedures for securing the lesser punishment to eligible persons such as defendant. These are the sole remedies available under Proposition 47 for an accused sentenced prior to its effective date. For a convicted felon who has served his or her sentence, the electors specified an application must be filed pursuant to section 1170.18, subdivision (f). Section 1170.18, subdivision (f) requires that an application be filed and resolved in the trial court. In other words, Proposition 47 does not apply retroactively so as to permit us to modify the judgment and then direct that, upon remittitur issuance, defendant's convictions be designated misdemeanors. Defendant is limited to the statutory remedy set forth in section 1170.18, subdivision (f). He must file an application in the trial court [that entered the judgment of conviction] to have his felony convictions designated misdemeanors. [Citation.]" (*Id*. at pp. 313-314, citing *People v. Noyan* (2014) 232 Cal.App.4th 657, 672.)

Moreover, "the electorate expressed its anticipation that a thorough review of criminal history and risk assessment of all convicted felons be conducted before potential resentencing. And, the electorate made clear that the initiative's reduction of certain sentences to misdemeanors had no application when the accused had prior convictions for specified violent or serious crimes." (*Shabazz, supra*, 237 Cal.App.4th at p. 314, citing Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, p. 70.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

### III

### DISPOSITION

The trial court's order denying defendant's Proposition 47 petition for recall and resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

Acting P. J.

We concur:

KING

J.

MILLER

J.